## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| EXAERIS, INC., *et al.*,[1] | : | Case No. 07-10887 (KG) |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

### NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001,

Dr. Jack Kachkar, a creditor and party-in-interest ("Appellant"), by and through his counsel,

hereby appeals to the United States District Court for the District of Delaware from an Order of

the Bankruptcy Court titled "Final Order As To Debtor Inyx USA, Ltd. (Case No. 07-10888) (I)

Authorizing The Use Of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate

Protection To Westernbank Puerto Rico As The Prepetition Lender, (III) Authorizing

Postpetition Financing, (IV) Granting Liens And Superpriority Administrative Expense Status

Pursuant To 11 U.S.C. §§ 363 And 364, And (V) Modifying Automatic Stay Pursuant To 11

U.S.C. § 362," signed and entered in the above-captioned bankruptcy case on the 7th day of

September, 2007 [D.I. 179] (the "Order").

The names of all parties to the Order appealed from and the names, addresses, and

telephone numbers of their respective attorneys are as follows:

---

[1]    The Debtors in this case are Exaeris, Inc. and Inyx USA, Ltd.

| **Party** | **Attorneys:** |
|---|---|

**APPELLANTS:**          **Dr. Jack Kachkar**

*Represented By:*

Tobey M. Daluz, Esquire
Leslie C. Heilman, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone:  (302) 252-4465

- and -

Ronald S. Liebman, Esquire
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000

- and -

Talcott J. Franklin, Esquire
Patton Boggs LLP
2001 Ross Avenue, Suite 3000
Dallas, TX  75201
Telephone:  (214) 758-1500

**APPELLEES:**          **Stephen S. Gray,**
**Chapter 11 Trustee for Inyx USA, Ltd.**

*Represented By:*

Bruce Grohsgal, Esquire
Pachulski Stang Ziehl & Jones, LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100

DMEAST #9873536 v1

**Westernbank Puerto Rico**

*Represented By:*

Francis A. Monaco, Esquire
Steven K. Kortanek, Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rich, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4340

-and-

Harvey P. Miller, Esquire
Weil, Gotshall & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

Dated: September 17, 2007          Respectfully submitted,
Wilmington, Delaware

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Tobey M. Daluz
    Tobey M. Daluz (No. 3939)
    Leslie C. Heilman, Esquire (No. 4716)
    919 N. Market Street, 12th Floor
    Wilmington, DE 19801
    Telephone: (302) 252-4465
    Facsimile: (302) 252-4466
    Email: daluzt@ballardspahr.com
           heilmanl@ballardspahr.com

- and -

Ronald S. Liebman, Esquire
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: rleibman@pattonboggs.com

- and -

Talcott J. Franklin, Esquire
Patton Boggs LLP
2001 Ross Avenue, Suite 3000
Dallas, TX 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550
Email: tfranklin@pattonboggs.com

Attorneys for Dr. Jack Kachkar

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 07-10887 (KG) and |
| EXAERIS, INC., et al., | ) | Case No. 07-10888 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 142 and 151** |

### FINAL ORDER AS TO DEBTOR INYX USA, LTD. (CASE NO. 07-10888) (I) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO WESTERNBANK PUERTO RICO AS THE PREPETITION LENDER, (III) AUTHORIZING POSTPETITION FINANCING, (IV) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (V) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

THIS MATTER having come before the Court upon the motion, dated August 21, 2007 (the "**Trustee's Motion**"), of Stephen S. Gray, as the Chapter 11 Trustee (the "**Trustee**") of Inyx USA, Ltd. ("**USA**" or the "**Debtor**") seeking entry of an interim and final order (this "**Order**") authorizing the Trustee to:

      (i)      Obtain credit from Westernbank Puerto Rico ("**Westernbank**") and incur debt, pursuant to sections 364(c) and 364(d) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), for a period from August 15, 2007 through and including October 31, 2007 (the "**Commitment Termination Date**"),[1] up to the

---

[1] Upon request of the Trustee, the Commitment Termination Date may be extended by Westernbank, in Westernbank's sole discretion, up to November 30, 2007 and the amount of the Loan (as defined below) increased to reflect an agreed upon budget (the "**November Budget**") through November 30, 2007 by the filing of the November Budget on the docket of the Case (as defined below), in which event all of the terms and conditions of this Order shall apply to the November Budget and extend to the financing authorized by this Order through November 30, 2007.

aggregate amount of $3,373,100 through the Commitment Termination Date (the "**Loan**"), which amount includes borrowings of the Trustee authorized by the Court pursuant to that certain emergency order of the Court dated August 16, 2007 (the "**Emergency Order**") and that certain interim order of the Court dated August 23, 2007 (the "**Interim Order**") authorizing the Trustee on behalf of the Debtor to borrow emergency and interim financing from Westernbank, and the proceeds of the Loan shall be used in a manner consistent with the terms of this Order and, with respect to that portion of the Loan authorized thereunder, the Emergency Order and the Interim Order, and the Budget annexed hereto as Exhibit A (the "**Budget**"), solely for (a) the Trustee's working capital and general corporate purposes in the Trustee's operation and management of the business of USA, and (b) payment of costs of administration of the chapter 11 case of USA (the "**Case**") to the extent allowed by the Court, and the repayment of which shall be collaterally secured by first priority perfected liens (as defined in section 101(37) of the Bankruptcy Code) and security interests, referred to and defined in more detail herein as the "**Financing Liens**"), on all property of the Debtor's estate pursuant to sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, and with priority, as an administrative expense in accordance with the provisions of section 364(c)(1) of the Bankruptcy Code, subject to the terms and conditions contained herein;

(ii)    Grant to Westernbank, in accordance with sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, first priority perfected liens upon all of the property and assets of the Debtor's estate, real and personal, tangible and intangible, whether now owned or hereafter acquired or arising and regardless of wherever located to the extent hereinafter set forth (the "**Lender's Collateral**");

(iii)    Grant to Westernbank, in accordance with section 364(c)(1) of the Bankruptcy Code, superpriority administrative claim status in respect of any and all money borrowed by the Trustee pursuant to this Order;

(iv)    Use Cash Collateral (as defined in section 363(a) of the Bankruptcy Code) of Westernbank Puerto Rico (the "**Prepetition Lender**"), pursuant to section 363(c)(2) of the Bankruptcy Code, for a period from August 15, 2007 through and including the Commitment Termination Date, on terms and conditions more fully described herein and, with respect to the use of Cash Collateral authorized thereunder, the Emergency Order and the Interim Order, and in a manner consistent with the Budget;

(v)    Grant to the Prepetition Lender, pursuant to sections 361, 363 and 364 of the Bankruptcy Code, as adequate protection for the use, and to the extent of any diminution in the value, of Cash Collateral, replacement liens on all of the Debtor's estate's currently owned or after-acquired property and proceeds thereof *pari passu* to the Financing Liens and subject to other liens permitted under that certain Loan and Security Agreement, dated as of March 31, 2005 (the "**Prepetition Liens**"), among the Prepetition Lender, Inyx, Inc. and USA (the "**Prepetition Credit Agreement**"), without waiver of any party's right to challenge the extent, validity of the Prepetition Liens; and

(vi)    Vacate and modify the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Order.

The Court having considered the Trustee's Motion, and all of the proceedings had before the Court, including any evidence submitted at the September 7, 2007 hearing on this Order (the "**Final Hearing**"), and it appearing that the financing contemplated by

this Order is critical and essential to the Trustee's administration of the USA estate and to

avoid immediate and irreparable harm to the Trustee's administration of the USA estate;

and it appearing due and proper notice of the Trustee's Motion, the entry of the Interim

Order and the Final Hearing having been given, in accordance with Rules 2002, 4001(b),

(c), and (d), and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy**

**Rules"**); and it further appearing that the Trustee is unable to obtain unsecured credit or

secured credit under section 364(c) of the Bankruptcy Code; and all objections, if any, to

the entry of this Order having been withdrawn, resolved or overruled by the Court; and

upon all pleadings filed with this Court, and all proceedings held before the Court; and

after due deliberation and consideration, and for good and sufficient cause appearing

therefor:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND
CONCLUSIONS OF LAW:

A.    Petition Date.  On July 2, 2007 (the **"Petition Date"**), USA filed a

voluntary petition under chapter 11 of the Bankruptcy Code with the United States

Bankruptcy Court for the District of Delaware.    The Case currently is jointly

administered with the chapter 11 case of Exaeris, Inc.

B.    Trustee. On August 7, 2007, this Court appointed Stephen S. Gray as

chapter 11 trustee of USA.    The Trustee has qualified under section 322 of the

Bankruptcy Code and has posted a bond in favor of the United States as required by the

order of his appointment.

C.    Jurisdiction and Venue. This Court has jurisdiction, pursuant to 28 U.S.C.

§§ 157(b) and 1334, over these proceedings, and over the persons and property affected

hereby. Consideration of the Trustee's Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Case and proceedings on the Trustee's Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

     D.     Committee Formation. A statutory committee of unsecured creditors was appointed in the above-captioned jointly administered cases on July 13, 2007 (the "**Committee**").

     E.     Interim Order. On August 23, 2007, the Court entered the Interim Order authorizing the Trustee to obtain credit from Westernbank for the period from August 15, 2007 through and including September 6, 2007.

     F.     Notice. Notice of the relief requested in the Trustee's Motion and the Final Hearing has been provided by the Trustee, whether by telecopy, email, overnight courier or hand delivery, to certain parties in interest, including: (i) the Office of the United States Trustee, (ii) the Securities and Exchange Commission, (iii) the Internal Revenue Service, (iv) the Debtor's twenty 20 largest unsecured creditors, (v) the attorneys for Westernbank, (vi) the attorneys for Inyx, Inc., (vii) the attorneys for Exaeris, Inc., (viii) the attorneys for Jack Kachkar, (ix) the attorneys for the Committee, and (x) any party which has filed a request for notices with this Court prior to the date of the Trustee's Motion. Under the circumstances, such notice of the Final Hearing, entry of the Interim Order and the relief requested in the Trustee's Motion constitutes due and sufficient notice and complies with sections 102(1), 364(c) and 364(d) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001(c).

     G.     Good Faith. The use of Cash Collateral and the borrowing provided in this Order was negotiated in good faith and at arms' length between the Trustee and

Westernbank. That credit to be extended under this Order will be extended in good faith, and for valid business purposes and uses, the consequence of which is that Westernbank is entitled to the protections and benefits of section 364(e) of the Bankruptcy Code.

NOW, THEREFORE, It Is Ordered that:

1.    Motion Granted.  The Trustee's Motion and this Order are granted in all respects on the terms and conditions set forth herein.

2.    Authorization to Borrow.

(a)    The Loan.  The Trustee is hereby authorized to request extensions of credit under the Loan up to the total aggregate amount set forth in the Budget through the Commitment Termination Date, upon presentation to Westernbank of a request for borrowing certified by the Trustee and in accordance with Paragraph 2(e) hereof, for use solely in accordance with the Budget, and Westernbank will make such advances of the Loan in the amounts set forth in the Budget, pursuant to the terms of this Order. Westernbank is under no obligation whatsoever to provide any funding in excess of the amounts approved in this Order and Westernbank may, in its sole and absolute discretion and without further notice to the Court or any other party, determine not to fund any amount in excess of the amounts approved herein.  The Loan shall bear interest on the unpaid principal amounts thereof from and after such loans are made at a *per annum* rate equal to the sum of (i) the Base Rate (as defined below) as in effect from time to time and (ii) 0.50% *per annum*.  The Base Rate means, for any period, a fluctuating interest rate as shall be in effect from time to time, which rate shall be equal at all times to the rate of interest quoted from time to time by The Wall Street Journal as the "base rate on corporate loans posted at 75% of the nation's 30 largest banks."

(b)    <u>Postpetition Liens</u>.  Effective immediately upon the execution of this Order, Westernbank is hereby granted, pursuant to sections 361, 362, 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, first priority, continuing, valid, binding, enforceable, non-avoidable and automatically perfected postpetition liens upon and security interests in the Lender's Collateral (collectively, the "**Financing Liens**") senior and superior in priority to all other secured and unsecured creditors of the Debtor's estate, excluding any causes of action of the Trustee or the USA estate (1) arising under chapter 5 of the Bankruptcy Code, (2) against the officers and directors of USA, and (3) any action filed by the Trustee or by or on behalf of the Debtor against Westernbank or USA's officers and directors or the proceeds thereof.

(c)    <u>Lien Priority</u>.  The Financing Liens created and granted to Westernbank pursuant to this Order (1) are created pursuant to sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, (2) are first priority, valid, perfected, non-avoidable, and superior to any security, mortgage, or collateral interest or lien or claim against the estate and assets of USA, and (3) shall collaterally secure all obligations of the Trustee and the USA estate pursuant to this Order, inclusive of reasonable fees and expenses incurred by Westernbank in connection with the negotiation of financing of the Trustee's administration and the Loan and this Order.  The Financing Liens are not and shall not be made subject to or *pari passu* with any lien or security interest by any court order heretofore or hereafter entered in the Case and shall be valid and enforceable against any other or subsequent trustee appointed in the Case, or upon the conversion of the Case to a case under Chapter 7 of the Bankruptcy Code or in any other proceedings related to any of the foregoing (any "**Successor Cases**"), and/or upon the dismissal of the Case;

*provided, however,* that the Financing Liens shall be subject and subordinate to the liens granted under the Kachkar DIP (as defined below) on (1) unencumbered property of the Debtor's estate as of July 11, 2007, if any, or (2) property acquired after the Petition Date and prior to August 16, 2007 by USA or the Trustee from funds used for USA's direct benefit provided under the postpetition financing extended to the Debtor pursuant to the Bankruptcy Court's Order dated July 11, 2007 (the **"Kachkar DIP"**), if any. The Financing Liens shall not be subject to sections 510, 549, 550 or 551 of the Bankruptcy Code.

(d)    <u>Superpriority Administrative Claim Status</u>.   All obligations owing to Westernbank on account of the Loan shall be allowed superpriority administrative expense claims (the **"Superpriority Claim"** and, together with the Financing Liens, the **"Financing Protections"**) with priority in accordance with sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and unsecured claims against the Trustee, the Debtor and the Debtor's estate, now existing or hereafter arising, of any kind or nature whatsoever including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 726(b), 1113, and 1114 of the Bankruptcy Code, *provided, however*, the claims under the Loan shall be subject and subordinate to any allowed claims arising from the Kachkar DIP, solely to the extent that proceeds of the Kachkar DIP were advanced to USA or for and to the extent of the direct benefit of USA, and not in connection with any loans and advances made by Kachkar to or for the benefit of Exearis, Inc., *provided, further,* that nothing contained herein or otherwise shall limit the ability of the Trustee, Debtor or

Westernbank to challenge the Kachkar DIP on any and all grounds, including validity, priority and obligation, and *provided, further,* that the Superpriority Claim shall not extend to the proceeds of any causes of action of the Trustee or the USA estate (1) arising under chapter 5 of the Bankruptcy Code, (2) against the officers and directors of USA, and (3) any action filed by the Trustee or by or on behalf of the Debtor against Westernbank. No costs or expenses of administration, including, without limitation, professional fees allowed and payable under sections 328, 330, and 331 of the Bankruptcy Code, or otherwise, that have been or may be incurred in these proceedings, or in any Successor Cases, and no priority claims are, or will be, senior to, prior to, or on a parity with the Financing Protections or with any other claims of Westernbank arising hereunder; *provided that*, notwithstanding the foregoing and to the extent set forth in the Budget, Westernbank shall provide up to the amounts set forth in the Budget from the proceeds of the Loan to fund the allowed costs and expenses of the Trustee and his professionals and the Committee's professionals (without regard to when allowed and without regard to whether the Commitment Termination Date has occurred) without prejudice to the rights of all parties to object to applications for allowance of fees and reimbursement of expenses and the Trustee and all professionals shall be required to file fee applications as required under Bankruptcy Code, Bankruptcy Rules and local rules.

(e)    Funding Mechanics. Except with respect to that portion of the Loan authorized by the Emergency Order, the Trustee (or its designated representative) shall submit any and all requests for borrowing to Westernbank on a weekly basis, in advance. Each request for borrowing shall (i) be in writing, (ii) be signed by the Trustee, (iii) contain a statement by the Trustee setting forth (x) the specific amounts requested and (y)

the corresponding use of fund authorized under the Budget, and (iv) be received by Westernbank via facsimile and email no later than 3 full business days prior to the time on which such funding is sought (a "**Funding Request**"). Westernbank will make such advances of the Loan in the amounts set forth in the Budget, but has no obligation to fund any amounts if the Funding Request does not (i) comply with the provisions hereof, (ii) does not comport with the uses set forth in the Budget, or (iii) the amounts sought exceed the specific amounts set forth in the Budget for each use, provided that a Funding Request may request advances for amounts set forth in the Budget for prior periods but not previously advanced, and Westernbank will fund such amounts, and further provided that Westernbank shall fund promptly upon the allowance thereof, the Chapter 11 Fees, Chapter 11 Trustee Fees and Professional Fees including those that are accrued and unpaid on the Commitment Termination Date or any earlier termination of the Loan (notwithstanding the occurrence or alleged occurrence of an Event of Default, the Commitment Termination Date or such earlier termination of the Loan).

3.    <u>Postpetition Lien Perfection</u>. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Financing Liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect the Financing Liens or to entitle Westernbank to the priorities granted herein. Notwithstanding the foregoing, Westernbank may, in its sole discretion, file such financing statements, mortgages, notices of liens and other similar documents, and is hereby granted relief from the automatic stay of section 362 of

the Bankruptcy Code in order to do so, and all such financing statements, notices and other documents shall be deemed to have been filed or recorded at the time and on the date of the commencement of the Case. The Trustee shall execute and deliver to Westernbank all such financing statements, mortgages, notices and other documents as Westernbank may reasonably request to evidence, confirm, validate or perfect, or to insure the contemplated priority of, the Financing Liens granted pursuant hereto. Westernbank, in its discretion, may file a photocopy of this Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which USA has real or personal property, and in such event, the subject filing or recording officer shall be authorized to file or record such copy of this Order.

4.      Use of Cash Collateral and Adequate Protection. Pursuant to this Order, the Prepetition Lender is granted, pursuant to sections 361, 363 and 364 of the Bankruptcy Code, as adequate protection for the use of Cash Collateral, and to the extent of any diminution in the value thereof, replacement liens to the same extent and validity and priority as the Prepetition Liens on all of the Debtor's estate's currently owned or after-acquired property and proceeds thereof *pari passu* with and having the same priority as the Financing Liens and subject to other liens permitted under the Prepetition Credit Agreement. The Trustee is hereby authorized to use Cash Collateral for use in accordance with the Budget.

5.      Section 506(c) Claims. No costs or expenses of administration which have been or may be incurred in the Case at any time shall be charged against Westernbank, its claims, or the Lender's Collateral, pursuant to sections 105, 506(c) or

522 of the Bankruptcy Code, or otherwise, without the prior written consent of Westernbank, and no such consent shall be implied from any other action, inaction, or acquiescence by Westernbank, *provided* that Westernbank shall pay the amounts set forth in the last sentence of paragraph 2(e) of this Order.

6.      Proceeds of Subsequent Financing.  If at any time prior to the repayment in full of all obligations arising under the Loan, including subsequent to the confirmation of any plan with respect to the Debtor's estate, the Trustee or any other trustee, any examiner with enlarged powers or any responsible officer subsequently appointed, shall obtain credit or incur debt pursuant to sections 364(b), 364(c) or 364(d) of the Bankruptcy Code, then all of the cash proceeds derived from such credit or debt shall immediately be turned over to Westernbank in pro rata reduction of the obligations under the Loan.

7.      Commitment Termination.  Repayment of the Loan shall be due and payable on the Commitment Termination Date and, effective as of that date, the use Cash Collateral shall cease.

8.      Modification of Automatic Stay.  For purposes of this Order and Westernbank's exercise of any and all of its remedial rights, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall be vacated and modified.

9.      Payment from Proceeds of Collateral.  Net proceeds of all Lender's Collateral (including, for the avoidance of doubt, proceeds from receivables and sales in the ordinary course of business, insurance proceeds, and proceeds of all dispositions of Lender's Collateral, whether or not in the ordinary course) will be applied as follows: (a) first, to permanently reduce the obligations to Westernbank under the Loan, (b) second,

to satisfy provisionally (subject to disgorgement) claims of the Prepetition Lender for

adequate protection, and (c) third, to reduce provisionally (subject to disgorgement) the

amounts due under the Prepetition Credit Agreement (subject to the determination of the

Prepetition Lender's non-avoidable claim and lien and the extent and priority of any such

lien).

      10.    Events of Default. Each of the following shall constitute an "Event of

Default" under this Order:

(1)    Failure by the Trustee or USA to comply with any material term of this Order;

(2)    Failure by the Trustee or USA to comply with the Budget;

(3)    The use of any Loan proceeds (i) other than in the manner set forth in the Budget and each Funding Request and (ii) that exceeds the amount set forth in the Budget for any such expenditure by more than 10% (after application of the cumulative expenditure provision with respect to budgeted but not previously advanced amounts set forth in the last sentence of paragraph 2(e) of this Order);

(4)    This Order, the Interim Order or the Emergency Order shall, for any reason, cease to create a valid lien on any of the Lender's Collateral purported to be covered hereunder or thereunder or such lien shall cease to be a perfected lien having the priority provided herein pursuant to section 364(d) of the Bankruptcy Code against the Trustee or Debtor's estate, or the Trustee shall so allege in any pleading filed in any court;

(5)    The Case shall be dismissed (or the Bankruptcy Court shall make a ruling requiring the dismissal of the Case), suspended or converted to a case under chapter 7 of the Bankruptcy Code, or the Trustee shall file any pleading requesting any such relief; or an application shall be filed by the Trustee for the approval of, or an order shall be entered (i) allowing any other claim having priority senior to or *pari passu* with the claims of Westernbank granted hereunder or any other claim having priority over any or all administrative expenses of the kind specified in clause (b) of Section 503 or clause (b) of Section 507 of the Bankruptcy Code (other than in an application for further financing provided by Westernbank or

claims existing on the date hereof) or (ii) granting any lien on the Lender's Collateral having a priority senior to or *pari passu* with the liens and security interests granted herein, except as expressly provided in this Order (other than in an application for further financing provided by Westernbank);

(6)   The Trustee or USA shall seek to, or shall support, any motion to disallow in whole or in part Westernbank's claim in respect of the obligations under the Loan or to challenge the validity and enforceability of the liens in favor of Westernbank;

(7)   Failure to execute a contract for sale ("**Sale**") of all or substantially all of the assets of USA (the "**Assets**"), subject to Court approval, in a reasonable period of time as determined by Westernbank;

(8)   Execution of any agreement with respect to the Sale of the Assets that is not satisfactory to Westernbank;

(9)   Failure to enter into a supply agreement with Aeropharm Technology, LLC satisfactory to Westernbank in its discretion by September 18, 2007 (the "**Aeropharm Contract**"), which deadline may be extended by Westernbank in its sole discretion;

(10)  Termination of the Aeropharm Contract by the Trustee or Aeropharm;

(11)  The Plant Manager and other executives of the Debtor not being reasonably acceptable to Westernbank;

(12)  Failure to promptly accept an offer to purchase the Assets which is acceptable to Westernbank and does not otherwise violate the Trustee's fiduciary duties;

(13)  Failure to pay all postpetition indebtedness to Westernbank contemporaneous with closing of Sale of Assets; or

(14)  If required by Westernbank, failure to execute and deliver a financing agreement not inconsistent with this Order that is satisfactory to Westernbank on or before October 1, 2007, subject to approval of the Court on appropriate notice.

11.   <u>Immediate Action</u>.   Immediately upon the occurrence of any Event of Default, Westernbank may immediately cease, terminate or reject any and all funding requests and take any other action consistent with this Order. The Loan then shall be due

and payable and the use of Cash Collateral shall cease without the requirement of any

further order of this Court or notice to any party or any other action.

      12.    Other Rights and Obligations.

      (a)    Good Faith Under Section 364(e) of the Bankruptcy Code.  Based on the

findings set forth in this Order and the proceedings held before the Court and in

accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the

provisions of this Order are hereafter modified, amended or vacated by a subsequent

order of this or any other Court, Westernbank is entitled to the protections provided in

section 364(e) of the Bankruptcy Code and no such modification, amendment or vacation

shall affect the validity and enforceability of any advances made hereunder or lien or

priority authorized or created hereby.

      (b)    Binding Effect.  The provisions of this Order shall be binding upon and

inure to the benefit of the Prepetition Lender, Westernbank, the Trustee, USA and their

respective successors and assigns (including any subsequent or other trustee or other

fiduciary hereinafter appointed as a legal representative of USA or with respect to the

property of its estate) whether in the Case, in any Successor Cases, or upon dismissal of

any such chapter 11 or chapter 7 case.

      (c)    No Waiver.  The failure of the Prepetition Lender or Westernbank to seek

relief or otherwise exercise its rights and remedies under this Order, as applicable, shall

not constitute a waiver of any of the rights of the Prepetition Lender or Westernbank

hereunder, thereunder, or otherwise.  Except as provided herein, the entry of this Order is

without prejudice to, and does not constitute a waiver of, expressly or implicitly, or

otherwise impair (1) the rights of the Prepetition Lender or Westernbank under the

Bankruptcy Code or under non-bankruptcy law, including without limitation, the rights of the Prepetition Lender or Westernbank to request conversion of the Case to a case under Chapter 7 or dismissal of the Case or (2) any of the rights, claims or privileges (whether legal, equitable or otherwise) of the Prepetition Lender or Westernbank.

(d)     No Third Party Rights.  Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

(e)     No Marshaling.  Westernbank shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Lender's Collateral.

(f)     Section 552(b).  The Prepetition Lender shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Westernbank Puerto Rico with respect to proceeds, product, offspring or profits of any of its collateral.

(g)     Survival of Order.  The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (1) confirming any plan of reorganization in the Case, (2) converting the Case to a case under chapter 7 of the Bankruptcy Code, or (3) dismissing the Case, and the terms and provisions of this Order, including, but not limited to, the adequate protection and Financing Protections granted hereunder, shall continue in full force and effect notwithstanding the entry of such order, and such adequate protection and Financing Protections shall retain their effect as provided by this Order until all the obligations of the Trustee pursuant to this

Order are indefeasibly paid in full and discharged (such payment being without prejudice to any terms or provisions contained in this Order which survive such discharge by its terms). The adequate protection obligations and the obligations to Westernbank on account of the Loan shall not be discharged by the entry of an order confirming a Plan, the Trustee having waived such discharge pursuant to section 1141(d)(4) of the Bankruptcy Code.

(h)    _Enforceability_.    This Order shall constitute findings of fact and conclusions of law pursuant to the Bankruptcy Rule 7052 and shall take effect and be fully enforceable immediately upon execution hereof.

(i)    _Objections Overruled_.    All objections, if any, to the Trustee's Motion to the extent not withdrawn or resolved, hereby are overruled, provided that any party in interest may raise the same or other objections to the Order or any subsequent financing order sought in these cases.

(j)    _All Rights Preserved_.    The rights of any party in interest with respect to any and all claims, defenses and objection relating to Jack Kachkar, USA's officers and directors and Westernbank are not in any way waived or modified by entry of this Order and are specifically preserved.

(k)    <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to

enforce this Order according to its terms

Dated: September 7, 2007
       Wilmington, Delaware

_____
The Honorable Kevin Cross
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY
COURT DISTRICT OF DELAWARE

**AMENDED APPEAL TRANSMITTAL SHEET**

Bankruptcy Case Number: 07-10887 (KG)

**Title of Order Appealed**:

Order (Final) As To Debtor Inyx USA, LTD. (07-10888) (I) Authorizing The Use Of Cash Collateral (II) Granting Adequate Protection To Westernbank Puerto Rico As The Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens And Superpriority Administrative Expense Status (V) Modifying Automatic Stay. Docket No. 179, Order Signed on 9/7/2007.

**Item Transmitted**:    Notice of Appeal, Docket Number 187
**Date Filed**:          September 17, 2007

**Notice of Appeal**.  Docket #187
**Appellant's Designation of Items & Statement of Issues**.  Docket #200
**Appellee's Designation of Items & Statement of Issues**.  Docket #242
**Appellee's Designation of Items & Statement of Issues**.  Docket #243

**Appellant/Cross Appellant**:                **Appellee/Cross Appellee**:

Tobey M. Daluz, Esquire                       Bruce Grohsgal, Esquire
Leslie C. Heilman, Esquire                    Pachulski Stang Ziehl & Jones, LLP
Ballard Spahr Andrews & Ingersoll, LLP        919 N. Market Street, 17th Floor
919 North Market Street, 12th Floor           Wilmington, DE 19801
Wilmington, DE 19801                          Telephone: 302-652-4100
Telephone: 302-525-4465


    -and-                                        -and-

Ronald S. Liebman, Esquire                    Francis A. Monaco, Esquire
Patton Boggs, LLP                             Steven K. Kortanek, Esquire
2550 M Street, NW                             Kevin J. Mangan, Esquire
Washington, DC 20037                          Womble Carlyle Sandridge & Rich, PLLC
Telephone: 202-457-6000                       222 Delaware Avenue, Suite 1501
                                              Telephone: 302-252-4340

-and-                                           -and-

Talcott J. Franklin, Esquire                    Harvey P. Miller, Esquire
Patton Boggs, LLP                               Weil Gotshall & Manges LLP
2001 Ross Avenue, Suite 3000                    767 Fifth Avenue
Dallas, TX 75201                                New York, NY 10153
Telephone: 214-758-1500                         Telephone: 212-310-8000

**Filing Fee Paid**: Yes