IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXAERIS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10887 (KG)<br>Jointly Administered |

**APPELLANT DR. JACK KACHKAR'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL FROM FINAL ORDER ENTERED BY THE BANKRUPTCY COURT ON SEPTEMBER 7, 2007 [DOCKET NO. 179]**

Dr. Jack Kachkar, a creditor and a party-in-interest ("Appellant"), by and through his counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits his statement of the issues to be presented and designates the record on appeal to the United States District Court for the District of Delaware with respect to the order of the United States Bankruptcy Court for the District of Delaware, dated September 7, 2007, titled "Final Order As To Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing The Use Of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection To Westernbank Puerto Rico As The Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens And Superpriority Administrative Expense Status Pursuant To 11 U.S.C. §§ 363 And 364, And (V) Modifying Automatic Stay Pursuant To 11 U.S.C. § 362" [D.I. 179] (the "Order").

**Issues to be Presented on Appeal**

A.  Whether the United States Court for the District of Delaware (the "Bankruptcy Court") erred in permitting Stephen S. Gray, as the Chapter 11 Trustee (the

---

[1] The Debtors in this case are Exaeris, Inc. and Inyx USA, Ltd.

2

"Trustee") of Inyx USA, Ltd. ("Inyx USA" or the "Debtor") to obtain post-petition financing under Sections 364(c) and 364(d) of the Bankruptcy Code from Westernbank Puerto Rico ("Westernbank" or the "Prepetition Lender") for a period from August 15, 2007 through and including October 31, 2007 (the "Commitment Termination Date"), up to the aggregate amount of $3,373,100 through the Commitment Termination Date (the "Loan"), collaterally secured by first priority perfected liens and security interests (the "Financing Liens") on all property of the Debtor's estate pursuant to Sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy, and with priority, as an administrative expense in accordance with the provisions of Section 364(c)(1) of the Bankruptcy, on the terms and conditions set forth in the Order.

      B.     Whether, on the record of the hearing, the Bankruptcy Court erred in authorizing a priming of Dr. Kachkar's liens (the "First DIP Liens") granted on Inyx USA's assets pursuant to the Bankruptcy Court's Order dated July 11, 2007 (the "Kachkar DIP"), without Dr. Kachkar's consent and without provision of adequate protection in violation of Section 365(d) of the Bankruptcy Code.

      C.     Whether the Bankruptcy Court erred in authorizing the entry of the Order which inappropriately narrowed the collateral on which the First DIP Liens of Dr. Kachkar attached in limitation and contravention of a prior Order of the Bankruptcy Court.

      D.     Whether the Bankruptcy Court erred in granting the Prepetition Lender pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for the use of cash collateral ("Cash Collateral"), and to the extent of any diminution in the value thereof, replacement liens to the same extent and validity and priority as Westernbank's

prepetition liens, on all of Inyx USA's currently owned and after-acquired property superior to Dr. Kachkar's First DIP Liens, absent a showing that there was any Westernbank Cash Collateral available to the Debtors' estates on the Petition Date, and without Dr. Kachkar's consent and without provision of adequate protection in violation of Sections 363(c)(2), 363(e) and 364(d) of the Bankruptcy Code.

E. Whether the Bankruptcy Court erred in granting waivers of (i) the equitable doctrine of "marshaling" or any other similar doctrine with respect to the any of Westernbank's Collateral; (ii) the "equities of the case" exception under Section 552(b) of the Bankruptcy Code as it applies to Westernbank with respect to proceeds, product, offspring or profits of any its collateral; and (iii) the provision of Section 506(c) of the Bankruptcy Code.

F. Whether the Bankruptcy Code erred in authorizing the entry of the Order containing a Payment from Proceeds of Collateral provision which requires, *inter alia*, that all proceeds from a sale of substantially all the assets of Inyx USA be paid solely to Westernbank, without any regard to the First DIP Liens.

G. Whether the Bankruptcy Court erred in granting Westernbank the protections under Section 364(e) of the Bankruptcy Code, and finding that the use of Cash Collateral and the borrowing provided in the Order was negotiated in good faith and at arms' length between the Trustee and Westernbank.

H. Whether the Bankruptcy Court erred in determining that the relief granted was in the best interests of the Debtor and its estate, creditors and interest holders and all other parties in interest in the chapter 11 case.

## Designation of Items to be Included in Record on Appeal[2]

1. Debtors' Motion: (I) to Authorize Secured Postpetition Financing; (II) to Grant a Super-Priority Administrative Claim and Postpetition Liens; and (III) to Schedule a Final Hearing, dated and entered on July 3, 2007 [D.I. 6].

2. Interim Order: (I) to Authorize Secured Postpetition Financing; (II) to Grant a Super-Priority Administrative Clam and Postpetition Liens; and (III) to Scheduling [sic] a Final Hearing, signed on July 11, 2007 and entered on July 12, 2007 [D.I. 43].

3. Transcript of Hearing held on August 15, 2007 before the Honorable Kevin Gross [D.I. 173].

4. Transcript of Hearing held on August 16, 2007 before the Honorable Kevin Gross [D.I. 174].

5. Emergency Order as to Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expense Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling an Interim Hearing, signed and entered on August 16, 2007 [D.I. 130].

6. Motion of the Chapter 11 Trustee Of Inyx USA, Ltd. for Entry of Interim and Final Orders pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the

---

[2] Each designated item includes any exhibits to such item. Each reference to "D.I. __" includes all documents within that Docket item.

Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules Of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, dated August 21, 2007 and entered on August 22, 2007 [D.I. 142].

7.  Response of the Official Committee of Unsecured Creditors of Exaeris, Inc. and Inyx USA, Ltd. to the Motion of the Chapter 11 Trustee Of Inyx USA, Ltd. for Entry of Interim and Final Orders pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules Of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, dated and entered on August 22, 2007 [D.I. 145].

8.  Objection of Dr. Jack Kachkar to Motion of the Chapter 11 Trustee Of Inyx USA, Ltd. for Entry of Interim Order pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules Of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I)

Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, filed August 22, 2007 [D.I. 148].

9. Notice of Filing of Exhibit "A" to Objection of Dr. Jack Kachkar to Motion of the Chapter 11 Trustee Of Inyx USA, Ltd. for Entry of Interim and Final Orders pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules Of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, filed August 22, 2007 [D.I. 149].

10. Transcript of Hearing held on August 23, 2007 before the Honorable Kevin Gross [D.I. 160].

11. Interim Order as to Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying

Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, dated and entered on August 23, 2007 [D.I. 151].

12. Notice of Extension through September 6, 2007 of Financing under Interim Order pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, filed August 31, 2007 [D.I. 161].

13. Objection of Dr. Jack Kachkar to Motion of the Chapter 11 Trustee of Inyx USA, Ltd. for entry of Final Order pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, dated September 4, 2007 [D.I. 162].

14.     Transcript of Hearing held on September 7, 2007 before the Honorable Kevin Gross [D.I. ___].³

15.     Certification of Counsel Regarding Final Order on Motion of Chapter 11 Trustee of Inyx USA, Ltd. for entry of Interim and Final Orders pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure with respect to Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 and (VI) Scheduling a Final Hearing, filed September 7, 2007 [D.I. 178].

16.     Final Order as to Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, and (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362, signed and entered on September 7, 2007 [D.I. 179].

---

3      Pursuant to Bankruptcy Rule 8006 and Local Rule 8006-1, Appellant delivered to the reporter and filed with the clerk a written request for the Transcript of Hearing held on September 7, 2007 before the Honorable Kevin Gross on September 27, 2007 [D.I. 197]. Evidence that the transcript has been ordered has also been delivered to the Clerk's office.

17. Notice of Appeal from Final Order as to Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expenses Status pursuant to 11 U.S.C. §§ 363 and 364, and (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362 entered on September 7, 2007, filed on September 17, 2007 [D.I. 187].

Dated: September 27, 2007
Wilmington, Delaware

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Tobey M. Daluz
Tobey M. Daluz (No. 3939)
Leslie C. Heilman, Esquire (No. 4716)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
heilmanl@ballardspahr.com

- and -

Ronald S. Liebman, Esquire
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: rleibman@pattonboggs.com

- and -

Talcott J. Franklin, Esquire
Patton Boggs LLP
2001 Ross Avenue, Suite 3000
Dallas, TX 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550
Email: tfranklin@pattonboggs.com

Attorneys for Dr. Jack Kachkar