## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| EXAERIS, INC., and | : | |
| INYX USA, LTD.,[1] | : | Bankr. Case No. 07-10887 (KG) |
| | : | Bankr. Case No. 07-10888 (KG) |
| Debtors. | : | |
| | : | |
| DR. JACK KACHKAR, | : | |
| | : | |
| Appellant, | : | |
| | : | C.A. No. 07-621 GMS |
| v. | : | C.A. No. 08-270 UNA |
| | : | |
| STEPHEN S. GRAY, CHAPTER 11 | : | |
| TRUSTEE FOR INYX USA, LTD., and | : | |
| WESTERNBANK PUERTO RICO, | : | |
| | : | |
| Appellees. | : | |

**MOTION OF APPELLANT DR. JACK KACHKAR FOR AN ORDER
(I) CONSOLIDATING APPEALS FROM FINAL POSTPETITION
FINANCING ORDERS ENTERED BY THE BANKRUPTCY COURT
ON SEPTEMBER 27, 2007 AND APRIL 3, 2008, RESPECTIVELY; AND
(II) EXCUSING THE PARTIES FROM THE MEDIATION REQUIREMENTS
OF THIS COURT'S JULY 23, 2004 STANDING ORDER**

Dr. Jack Kachkar, hereby moves (the "Motion"), by and through his undersigned

counsel, for an order (i) consolidating the above-captioned appeals from two (2) final

postpetition financing orders entered by the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") on September 27, 2007 and April 3, 2008, respectively; and

(ii) excusing the parties from the obligation to mediate pursuant to this Court's Standing Order In

---

[1]     The Exaeris, Inc. and Inyx USA, Ltd. bankruptcy cases were jointly administered at the
outset of their cases at Bankruptcy Case No. 07-10887, however, on December 6, 2007, on the
motion of Westernbank Puerto Rico, the Bankruptcy Court vacated the order for joint
administration.

Re: Procedures Governing Mediation of Appeals from the Bankruptcy Court for the District of Delaware, dated July 23, 2004 (the "Standing Order"), and in support of the Motion, respectfully states as follows:

1.      On September 17, 2007, Dr. Kachkar filed an appeal (the "First Appeal") from the September 7, 2007 Order of the Bankruptcy Court titled "Final Order as to Debtor Inyx USA, Ltd. (Case No. 07-10888) (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expense Status pursuant to 11 U.S.C. §§ 363 and 364, and (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362" (the "First Westernbank DIP Order").

2.      The First Appeal was docketed in this Court on October 11, 2007 [07-621 D.I. 5].

3.      On January 28, 2008, pursuant to the Standing Order, the parties participated in mediation of the First Appeal before Vincent J. Poppiti, Esquire of Blank Rome LLP; however, the parties were unable to reach a resolution. *See* Letter to Clerk of Court from Vincent J. Poppiti regarding completion of mediation, dated February 5, 2008 [07-621 D.I. 7].

4.      Pursuant to the Stipulated Briefing Schedule [07-621 D.I. 9], on March 25, 2008, Dr. Kachkar filed his opening brief with respect to the First Appeal [07-621 D.I. 10], and on April 14, 2008, the Appellees Westernbank Puerto Rico ("Westernbank") and Stephen S. Gray, Chapter 11 Trustee for Inyx USA, Ltd. (the "Trustee," and together with Westernbank, the "Appellees"), each filed their responsive briefs [07-621 D.I. 12 & 14, respectively]. Thereafter, on April 29, 2008, Dr. Kachkar filed his reply brief [07-621 D.I. 16].

5.     On May 2, 2008, Westernbank and the Trustee filed requests for oral argument on the First Appeal [07-621 D.I. 17 & 18, respectively].  Oral argument has not yet been scheduled.

6.     On April 14, 2008, Dr. Kachkar filed an appeal (the "Second Appeal," and together with the First Appeal, the "Appeals") from the April 3, 2008 Order of the Bankruptcy Court titled "Final Order (I) Authorizing the Use of Cash Collateral pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Westernbank Puerto Rico as the Prepetition Lender, (III) Authorizing Further Postpetition Financing, (IV) Granting Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 363 and 364, and (V) Modifying Automatic Stay pursuant to 11 U.S.C. § 362" (the "Second Westernbank DIP Order").

7.     The Second Appeal was docketed in this Court on May 7, 2008 [08-270 D.I. 5].  As of this date, a judge has not been assigned to the Second Appeal.

8.     The key financing terms of the Second Westernbank DIP Order are, in substance, identical to the terms of the First Westernbank DIP Order, and the Second Appeal involves the same issues that have been briefed by the parties in the First Appeal.

## REQUEST TO CONSOLIDATE THE APPEALS

9.     Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a).

10.     The Appeals seek relief from two orders that are essentially identical. Considering the similarity of the legal issues being reviewed, it would be prudent and efficient to

decide these identical issues, presented in two separate appeals, in one consolidated action before this Court.[2] Deciding these cases separately would not only tax the resources of the parties and the Court, but could also lead to inconsistent results. The Appeals involve common questions of law and fact, and it is therefore in the interest of judicial economy to consolidate the Appeals.

## REQUEST TO BE EXCUSED FROM MANDATORY MEDIATION

11.     Because the issues raised in the Second Appeal are essentially the same issues raised in the First Appeal, which the parties have already mediated and briefed, Dr. Kachkar submits that mediation of the Second Appeal would not assist the parties in reaching a resolution. Therefore, Dr. Kachkar requests that the parties be excused from the obligation to mediate the Second Appeal in accordance with the Standing Order.

## STATEMENT OF REASONABLE EFFORTS

12.     The undersigned counsel for Dr. Kachkar has made reasonable efforts to reach an agreement with the Appellees on the matters presented in this Motion. On April 15, 2008, the undersigned counsel sent an email to counsel for Westernbank and counsel for the

---

[2]     In connection with the Second Appeal, Westernbank includes the following additional issue in its Counter-Statement of Issues on Appeal: "Is an interim order for debtor in possession financing that has been denied a finding of good faith subject to revision or modification by the Bankruptcy Court?" [08-270 D.I. 3]. The Trustee similarly adds this issue to its Counter-Statement of Issues on Appeal: "Is the Kachkar Interim DIP Order subject to revision or modification by the Bankruptcy Court" [08-270 D.I. 4]. Notwithstanding that Dr. Kachkar contends that this argument was raised in the briefing that has already taken place in the First Appeal (*see* Trustee Brief, pp. 8 n.7, 25 n.9; WB Brief, pp. 4 n.2,18, Reply Brief, p. 9 n.8), the Bankruptcy Rules are clear that counter-statements of the issues to be presented on appeal are reserved for cross appeals only. *See* Fed. R. Bankr. R. 8006. The Appellees have not filed a cross-appeal in this matter. Furthermore, the protections afforded to Dr. Kachkar are not at issue in these Appeals. Accordingly, the Appellees are limited to the issues raised by Dr. Kachkar in these Appeals concerning the terms and conditions of the Westernbank postpetition financing, and the Bankruptcy Rules provide no right to introduce other issues outside the purview of the Appeals.

Trustee seeking to enter into a stipulation to consolidate the Appeals.   On April 15, 2008,

Westernbank responded that it would not consent to the consolidation of the Appeals.  On April

21, 2008, the undersigned counsel sent a second email to counsel for the Trustee inquiring as to

his position.  As of this date, counsel for the Trustee has failed to respond to either email.

       13.    Dr. Kachkar does not believe a hearing on this Motion is necessary, but

the undersigned counsel is available for a hearing should the Court request one.

       WHEREFORE, Dr. Jack Kachkar respectfully requests that the Court enter an

Order in the form attached hereto (i) consolidating the Appeals under Civil Action No. 07-621-

GMS, (ii) excusing the parties from the mediation requirements of the Standing Order, and (iii)

granting such other and further relief as may be just and proper under the circumstances.

Dated:  May 8, 2008
Wilmington, Delaware

Respectfully submitted,

/s/ Leslie C. Heilman
Tobey M. Daluz (No. 3939)
Leslie C. Heilman, Esquire (No. 4716)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone:  (302) 252-4465
Facsimile:  (302) 252-4466
Email:  daluzt@ballardspahr.com
        heilmanl@ballardspahr.com

Counsel for Dr. Jack Kachkar

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| EXAERIS, INC., and | : | |
| INYX USA, LTD.,[1] | : | Bankr. Case No. 07-10887 (KG) |
| | : | Bankr. Case No. 07-10888 (KG) |
| Debtors. | : | |
| | : | |
| DR. JACK KACHKAR, | : | |
| | : | |
| Appellant, | : | |
| | : | C.A. No. 07-621 GMS |
| v. | : | C.A. No. 08-270 UNA |
| | : | |
| STEPHEN S. GRAY, CHAPTER 11 | : | |
| TRUSTEE FOR INYX USA, LTD., and | : | |
| WESTERNBANK PUERTO RICO, | : | |
| | : | |
| Appellees. | : | |

### ORDER (I) CONSOLIDATING APPEALS FROM FINAL POSTPETITION FINANCING ORDERS ENTERED BY THE BANKRUPTCY COURT ON SEPTEMBER 27, 2007 AND APRIL 3, 2008, RESPECTIVELY; AND (II) EXCUSING THE PARTIES FROM THE MEDIATION REQUIREMENTS OF THIS COURT'S JULY 23, 2004 STANDING ORDER

Upon consideration of the Motion of Dr. Jack Kachkar for an Order (i)

Consolidating Appeals From Final Postpetition Financing Orders Entered by the Bankruptcy

Court on September 27, 2007 and April 3, 2008, Respectively; and (ii) Excusing the Parties from

the Mediation Requirements of this Court's July 23, 2004 Standing Order; and it appearing that

due and adequate notice of the Motion having been given under the circumstances; and no

---

[1]     The Exaeris, Inc. and Inyx USA, Ltd. bankruptcy cases were jointly administered at the outset of their cases at Bankruptcy Case No. 07-10887, however, on December 6, 2007, on the motion of Westernbank Puerto Rico, the Bankruptcy Court vacated the order for joint administration.

opposition appearing thereto or any such opposition having been considered and overruled by the Court;

IT IS HEREBY ORDERED that:

1.    Civil Action Nos. 07-621 and 08-270 (collectively, the "Appeals") shall be, and hereby are, consolidated under Civil Action No. 07-621.

2.    From and after the date hereof, all pleadings filed with this Court in connection with the Appeals shall be filed in Civil Action No. 07-621.

3.    The parties are excused from the mediation requirements of this Court's July 23, 2004 Standing Order.

BY THE COURT:

Dated:_____, 2008
Wilmington, Delaware

_____
THE HONORABLE GREGORY M. SLEET
CHIEF UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I, Leslie C. Heilman, Esquire, hereby certify that on this 8th day of May, 2008, I caused a true and correct copy of the Motion of Dr. Jack Kachkar for an Order (i) Consolidating Appeals From Final Postpetition Financing Orders Entered by the Bankruptcy Court on September 27, 2007 and April 3, 2008, Respectively; and (ii) Excusing the Parties from the Mediation Requirements of this Court's July 23, 2004 Standing Order, to be served on the addressees listed on the attached service list in the manner indicated.

Dated: May 8, 2008
Wilmington, Delaware

/s/ Leslie C. Heilman
Leslie C. Heilman, Esq. (No. 4716)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP

**VIA HAND DELIVERY**

Bruce Grohsgal, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
(Counsel for Stephen S. Gray,
Chapter 11 Trustee for Inyx USA, Ltd.)

Richard M. Beck, Esquire
Christopher A. Ward, Esquire
Klehr Harrison Harvey Branzburg
 & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
(Counsel for Official Committee of Unsecured Creditors)

Richard L. Schepacarter, Esquire
Officer of the United States Trustee
J. Caleb Boggs Federal Building
824 Market Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
(Counsel for the United States Trustee)

Francis A. Monaco, Esquire
Steven K. Kortanek, Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rich, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
(Counsel for Westernbank Puerto Rico)

**VIA FIRST CLASS MAIL**

Harvey P. Miller, Esquire
Weil, Gotshall & Manges LLP
767 Fifth Avenue
New York, NY 10153
(Counsel for Westernbank Puerto Rico)

DMEAST #10021041 v2