IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| EXAERIS, INC., and | : |
| INYX USA, LTD.,[1] | : Bankr. Case No. 07-10887 (KG) |
| | : Bankr. Case No. 07-10888 (KG) |
| Debtors. | : |
| | : |
| DR. JACK KACHKAR, | : |
| | : |
| Appellant, | : |
| | : C.A. No. 07-621 GMS |
| v. | : C.A. No. 08-270 SLR |
| | : |
| STEPHEN S. GRAY, CHAPTER 11 | : |
| TRUSTEE FOR INYX USA, LTD., and | : |
| WESTERNBANK PUERTO RICO, | : |
| | : |
| Appellees. | : |

**REPLY OF DR. JACK KACHKAR TO THE SUPPLEMENTAL
OBJECTION OF WESTERNBANK PUERTO RICO TO APPELLANT'S MOTION
FOR AN ORDER (I) CONSOLIDATING APPEALS AND (II) EXCUSING PARTIES
FROM THE MEDIATION REQUIREMENTS OF
THIS COURT'S JULY 23, 2004 STANDING ORDER**

Dr. Jack Kachkar ("Appellant"), by and through his undersigned counsel, hereby replies to the Supplemental Objection of Westernbank Puerto Rico (the "Objection") to Appellant's Motion (the "Motion") for an Order (I) Consolidating Appeals and (II) Excusing Parties from the Mediation Requirements of this Court's July 23, 2004 Standing Order [08-270 D.I. 6, 07-621 D.I. 19] and respectfully states as follows:

---

[1] The Exaeris, Inc. and Inyx USA, Ltd. bankruptcy cases were jointly administered at the outset of their cases at Bankruptcy Case No. 07-10887, however, on December 6, 2007, on the motion of Westernbank Puerto Rico, the Bankruptcy Court vacated the order for joint administration.

1.      The Motion seeks to consolidate two appeals, civil action numbers 07-621 (the "First Appeal") and 08-270 (the "Second Appeal," and together with the First Appeal, the "Appeals") from essentially identical orders entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in an effort to conserve the time and resources of the Court and the parties. In the Objection to the Motion, Westernbank Puerto Rico ("Westernbank") makes three brief assertions as to why the Court should not consolidate the Appeals: (i) consolidation would confuse the issues, (ii) two different decisions on appeal would not prejudice the parties, and (iii) consolidation would delay the proceedings, thereby prejudicing Westernbank. Each of Westernbank's arguments is wholly without merit, and as such, the Motion should be granted.

2.      Under no circumstances could consolidation of the Appeals confuse the issues. The issues raised in the Appeals, as stated in Appellant's Statements of Issues on Appeal are identical [07-621 D.I. 2, 08-270 D.I. 2]. While the factual record underlying the Second Appeal is somewhat more expanded than that of the First Appeal, this will not confuse the issues. In fact, much of the relevant portions of the record in connection with the Second Appeal consist of Appellant reserving his rights as to the same issues raised in the First Appeal.

3.      Furthermore, Westernbank only includes an additional six (6) items in its Counter-Designation of Record for the Second Appeal (the "Second Designation"), which were not included in Westernbank's Counter-Designation of Record for the First Appeal (the "First Designation"):

| Designation No. | Description |
| --- | --- |
| 3 | Transcript of Hearing held on July 11, 2007 before the Honorable Kevin Gross |

| | |
|---|---|
| 6 | Notice of Hearing on Final Order (I) Authorizing Secured Postpetition Financing; and (II) Granting a Super-Priority Administrative Claim and Postpetition Liens in Favor of Dr. Jack Kachkar |
| 7 | Objection to Proposed Final Order Authorizing Debtor In Possession Financing Under Section 364(c) of the Bankruptcy Code by Jack Kachkar |
| 8 | Chapter 11 Trustee of Inyx USA, Ltd's Limited Objection to Entry of Final Order (I) Authorizing Secured Postpetition Financing; and (II) Granting a Super-Priority Administrative Claim and Postpetition Liens in Favor of Dr. Jack Kachkar |
| 9 | Response of Sanofi-Aventis US to Motion for Entry of a Final Order (I) Authorizing Secured Postpetition Financing; and (II) Granting a Super-Priority Administrative Claim and Postpetition Liens in Favor of Dr. Jack Kachkar and Reservation of Rights |
| 10 | Amended Notice of Agenda of Matters Scheduled for Hearing on March 4, 2008 at 10:00 A.M. |

[08-270 D.I. 3].

4. Designated item 3 predates the First Appeal and, if relevant, could have easily been included in First Designation. Designated items 6-10 are irrelevant to the Appeals. The request for entry of a Final Order in connection with the Kachkar DIP financing is still pending before the Bankruptcy Court and is not ripe for appeal. Westernbank cannot genuinely claim that items that it failed to designate the first time around, and items that have nothing to do with the issues on appeal, expand the factual record to the point of confusion.[2]

5. In addition, conflicting decisions on the Appeals would prejudice all parties to the Appeals, including Westernbank and the Trustee. One of the issues at the heart of Appellant's appeal is the inconsistency between the Bankruptcy Court's debtor in possession financing orders entered on September 27, 2007 and April 3, 2008 (the "Westernbank DIP

---

[2] Appellant designates twenty-six (26) additional items in his Statement of Issues on Appeal filed in connection with the Second Appeal, however, other than the transcripts (which are not lengthy), such motions, responses, and orders are nearly duplicative of the pleadings designated in connection with the First Appeal.

Orders") on the one hand, and, on the other, the Bankruptcy Court's financing order previously entered on July 12, 2007 (the "Kachkar DIP Order") and the Bankruptcy Court's oral statements on the record respecting lien priority issues. Conflicting decisions on appeal would only serve to further confuse the parties respective rights under the Westernbank DIP Orders and the Kachkar DIP Order. Moreover, all parties will have to expend additional time and resources in order to mediate, brief, and argue the same issues twice before two different judges if the Appeals remain two separate actions.

6.  Furthermore, consolidation of the Appeals need not delay the prosecution of the First Appeal. Oral argument of the First Appeal has not yet been scheduled.[3]

7.  The Appeals involve common questions of law and fact, and therefore it is in the interest of judicial economy to consolidate the Appeals. Westernbank's flimsy Objection fails to offer this Court any plausible reason why the Appeals should not be consolidated. Appellant respectfully suggests that the opposition to consolidation has more to do with the adversarial relationship of the parties than it does with any legitimate substantive concerns about consolidation.

---

[3] If the Court consolidates the Appeals, any additional briefing that the Court may require on the Second Appeal could be very limited in scope and could be timely completed prior to oral argument.

WHEREFORE, Appellant respectfully requests that the Court grant the Motion and any such further relief as may be just and proper under the circumstances.

Dated: May 23, 2008  
Wilmington, Delaware

Respectfully submitted,

/s/ Tobey M. Daluz
Tobey M. Daluz (No. 3939)
Leslie C. Heilman, Esquire (No. 4716)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
         heilmanl@ballardspahr.com

Counsel for Appellant

## CERTIFICATE OF SERVICE

I, Tobey M. Daluz, Esquire, hereby certify that on this 23rd day of May, 2008, I caused a true and correct copy of the Reply of Dr. Jack Kachkar to his Motion for an Order (I) Consolidating Appeals From Final Postpetition Financing Orders Entered by the Bankruptcy Court on September 27, 2007 and April 3, 2008, Respectively; and (II) Excusing the Parties from the Mediation Requirements of this Court's July 23, 2004 Standing Order, to be served on the addressees listed on the attached service list in the manner indicated.

Dated: May 23, 2008
Wilmington, Delaware

/s/ Tobey M. Daluz
Tobey M. Daluz, Esq. (No. 3939)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP

DMEAST #10043085 v1

| **VIA HAND DELIVERY** | **VIA FIRST CLASS MAIL** |
|---|---|
| Bruce Grohsgal, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>(Counsel for Stephen S. Gray,<br>Chapter 11 Trustee for Inyx USA, Ltd.) | Harvey P. Miller, Esquire<br>Weil, Gotshall & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(Counsel for Westernbank Puerto Rico) |

Richard M. Beck, Esquire
Christopher A. Ward, Esquire
Klehr Harrison Harvey Branzburg
 & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
(Counsel for Official Committee of Unsecured Creditors)

Richard L. Schepacarter, Esquire
Officer of the United States Trustee
J. Caleb Boggs Federal Building
824 Market Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
(Counsel for the United States Trustee)

Francis A. Monaco, Esquire
Steven K. Kortanek, Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rich, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(Counsel for Westernbank Puerto Rico)